SOCIETY FOR GOOD WILL TO RE-
TARDED CHILDREN, INC., Russell
Cohen, by his natural father Milton Co-
hen, Audrey Rothstein by her natural
mother Paula Rothstein, Donald Wil-
liam Fearing by his natural father
George Fearing, Susan Feibusch by her
natural father Philip Feibusch, Lisa
Gorelick by her natural mother Leila
Gorelick, Lynn N. Schenk by her natu-
ral mother Mildred Schenk, Henry F.
Segal by his natural father David H.
Segal, Susan L. Meehin by her natural
father Milton Meehin, Robert Cunning-
ham by his natural father Charles Cun-
ningham, Nicholas Colacioppo by his
natural mother Beatrice Colacioppo,
Thomas H. Czerniewicz by his natural
father John Czerniewicz, Christoher M.
Verdino by his natural father Rudolph
Verdino and Barbara Karp, on behalf
of themselves and all those similarly
situated, Plaintiffs-Appellants,

v.

Mario M. CUOMO, as governor of the
State of New York, Thomas A. Cough-
lin, III, Individually and as Commis-
sioner of the Office of Mental Retarda-
tion and Developmental Disabilities,
Jennifer L. Howse, Individually and as
Associate Commissioner of the Office
of Mental Retardation and Develop-
mental Disabilities and Alan R. Suther-
land, Individually and as Acting Di-
rector of the Suffolk County Develop-
mental Center, Defendants-Appellees.

No. 134, Docket 87-7037.

United States Court of Appeals,
Second Circuit.

Argued Oct. 5, 1987.

Decided Nov. 2, 1987.

Michael S. Lottman, Riverhead, N.Y.
(Scheinberg, Schneps, DePetris & DePetris,
Murray B. Schneps, of counsel), for plain-
tiffs-appellants.

Caren S. Brutten, New York City Asst.
Atty. Gen. of the State of New York (Rob-
ert Abrams, Atty. Gen. of the State of New
York, Lawrence S. Kahn, Deputy Sol. Gen.,
New York City, of counsel), for defendants-
appellees.

Before PRATT and ALTIMARI,
Circuit Judges, and FRANK A.
KAUFMAN, District Judge, United
States District Court for the District
of Maryland, sitting by designation.

PER CURIAM:

In *Society for Good Will to Retarded Children, Inc., v. Cuomo*, 737 F.2d 1239 (2d Cir.1984), this court vacated the district court's order of August 10, 1983, 572 F.Supp. 1300 (Weinstein, *Chief Judge* ), and held that, while most of that 1983 order might be supported by federal law, parts of it could not. Because, after the district court's order, the United States Supreme Court had decided in *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), that the eleventh amendment bars a federal court from granting state law relief in actions against state officials, we remanded for reconsideration so the district court could determine which portions of its 1983 order were supported by federal law.

On remand, when defendants informed the court that they would voluntarily implement the entire plan required by the 1983 order, Judge Weinstein noted that "[i]n light of the defendants' representation that they are now implementing and will continue to implement the plan, the issues presented on remand are moot." 103 F.R.D. 168, 169 (E.D.N.Y.1984). Contemplating that the state would comply with the requirements of the plan, but responding to the plaintiffs' request for some means to enforce compliance with the plan, the district court stated, "[i]f the defendants substantially depart from the implementation of the plan and conditions at the facility violate federal law, plaintiffs may move to reinstate the case." *Id.*

Alleging continued violations of federal law as well as departures from the plan, plaintiffs, on September 26, 1986, moved to reinstate the case. Judge Weinstein denied the motion on the erroneous assumption that "the case [was] already in effect long closed", and he granted plaintiffs sixty days in which to serve a complaint in a "new action", which he deemed to have been commenced by the filing of plaintiffs' motion. This was in error and an abuse of discretion. In light of the state's voluntary undertaking to carry out the entire plan embodied in the 1983 order, whether required by state law or by federal law, or by neither, it was not improper for Judge Weinstein and the parties to defer consideration of the issues on remand since full compliance with the plan as offered by the defendants would have rendered unnecessary the separation of federal from state law that we had required in our order of remand. Now that the defendants' compliance with the plan has been challenged, however, the issues on remand are no longer moot and the district court must comply with our remand order with a view toward enforcing those portions of its 1983 order that under *Pennhurst* may be granted by a federal court.

It may be that the entire 1983 order can now be enforced against the state, including the portions based on state law. In this connection the district court should consider, with due regard to *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), whether the state has waived its eleventh amendment immunity in this case. The state may have done so (1) when the defendants represented to the district court that they would voluntarily implement the 1983 plan in full, or (2) when the assistant attorney general conceded at oral argument before this court that in the reinstated case, or even in a new case, the state would be bound to carry out that plan.

We therefore reverse and remand with a direction to the district court (1) to reinstate the case, (2) to determine whether and to what extent the state has waived its eleventh amendment immunity in this case, and (3) to conduct such further proceedings as shall be appropriate, including, if necessary, a separation of the state and federal claims, in order to secure for the plaintiff class the relief to which it is now entitled.